NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWARD VINCENT RAY, Jr., | No. 17-16040 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-02652-YGR |
| v. | |
| JAMILAH A. JEFFERSON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 18, 2017[**]

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

California state prisoner Edward Vincent Ray, Jr. appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendants engaged in misconduct during the litigation of a separate civil case.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Ray's claims against defendant Jefferson on the basis of absolute immunity because Ray failed to allege facts sufficient to show that Jefferson's actions were not "intimately associated with the judicial phase[] of . . . litigation." *Fry v. Melaragno*, 939 F.2d 832, 836-38 (9th Cir. 1991) (citation and internal quotation marks omitted) (explaining the application of absolute immunity to government attorneys in civil trials).

The district court properly dismissed Ray's claims against defendant McGee because Ray failed to allege facts sufficient to show McGee personally participated in the alleged rights deprivation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

The district court properly dismissed Ray's claims against the City of Oakland because Ray failed to allege facts sufficient to show that a policy or custom of the City caused his alleged injury. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) ("[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates. In order to establish municipal liability, a plaintiff must show that

a policy or custom led to the plaintiff's injury." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ray's request for judicial notice (Docket Entry No. 9) is denied.

**AFFIRMED.**